Dear Mr. Carmody:
You have asked this office to advise whether you must resign your elected office as Shreveport City Councilman should you be appointed parish administrator for the Parish of Caddo.
R.S. 42:63(D) of Louisiana's Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq., governs our response. That statute pertinently provides:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added.)
In short, R.S. 42:63(D) prohibits one from holding local elective office and a full-time appointive office. The position of city councilman is a local elective office, while the position of parish administrator falls within the statutory definition of "appointive office" under R.S. 42:62(2) providing:
 (2) "Appointive office" means any office in any branch of government or other position on any agency, board, or commission or any executive office of any agency, board, commission, or *Page 2 
department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
The position of parish administrator is "specifically authorized . . . by the charter" of Caddo Parish. Reference is made to Article IV, Section 4-01 of the Caddo Parish Home Rule Charter, which states in pertinent part:
 A. The parish administrator shall be appointed by the commission and shall serve at its pleasure, unless otherwise removed from office by a two-thirds (2/3) vote of the entire membership of the commission. The administrator shall automatically be suspended from office in accordance with the provisions of La. R.S. 42:1411. The administrator shall be appointed solely on the basis of executive and administrative qualifications, training and experience to perform the duties assigned to him by this charter. No one shall be appointed or approved as the administrator who does not possess the requisite executive and administrative qualifications. The administrator's compensation shall be fixed by the commission.
Finally, the position of parish administrator is held on a "full-time" basis, defined by R.S. 42:62(4) as "the period of time in which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work."
It is the opinion of this office that you must immediately resign your position as city councilman should you accept the appointment as parish administrator since you cannot legally hold both positions concurrently.
Very truly yours,
 CHARLES C. FOTI, JR. Attorney General
 By: __________________________________ KERRY L. KILPATRICK Assistant Attorney General